UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY L. WOULLARD,

 Plaintiff,

v.              Case No. 3:24cv253-LC-HTC

R. QUINN, et al.,

 Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Randy L. Woullard, a prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983 relating to his incarceration at Santa Rosa Correctional Institution. Doc. 1. The complaint should be dismissed without prejudice because Plaintiff failed to truthfully disclose his litigation history.

**I. LEGAL STANDARD**

Under the Prison Litigation Reform Act, 28 U.S.C. § 1915, the Court should dismiss a prisoner's complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b).

## II.   FAILURE TO ACCURATELY DISCLOSE LITIGATION HISTORY

In Section VIII of the complaint form, Plaintiff is asked to identify his prior litigation history. That section begins by advising Plaintiff, in bold print, that he must disclose all "civil cases, habeas cases, and appeals" and that a failure to do so "may result in dismissal of this case." Doc. 1 at 18. It further advises Plaintiff to "err on the side of caution" if he is uncertain whether a case should be identified. *Id.*

The complaint form specifically asked Plaintiff to identify, *inter alia*, whether he had previously filed any federal cases which: (1) were "dismissed as frivolous, as malicious, for failure to state a claim, or prior to service" (subsection VIII.A), or (2) either challenged Plaintiff's conviction or related to the conditions of his confinement (subsection VIII.C). *Id.* at 19–21. Plaintiff responded, "No," to subsection VIII.A and failed to identify any cases. *Id.* at 19. And although he responded affirmatively to subsection VIII.C, he disclosed only three cases. Upon investigation, the Court discovered Plaintiff's responses are false.

Based on a review of PACER, the Court takes judicial notice Plaintiff has filed over ten (10) federal cases, which were *both* dismissed prior to service and related to the conditions of his confinement, including the following: *Woullard v. McDade et al*, 3:20-cv-00964-TJC-JBT (M.D. Fla. Aug. 31, 2020); *Woullard v. Davis et al*, 3:20-cv-00996-BJD-MCR (M.D. Fla. Sept. 9, 2020); *Woullard v. Florida State Prison*, 3:20-cv-01088-MMH-PDB (M.D. Fla. Sept. 30, 2020). Each

Case No. 3:24cv253-LC-HTC

case bears Plaintiff's name and his Florida Department of Corrections inmate number, 618997.

Despite his untruthful responses, Plaintiff signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, **including my litigation history**, is true and correct." Doc. 1 at 22–23 (emphasis added). Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing the case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without

consequence."). As one district judge from this District stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE as malicious under 28 U.S.C. § 1915A(b)(1) for Plaintiff's abuse of the judicial process.

2. That the clerk close the file.

At Pensacola, Florida, this 21ˢᵗ day of June, 2024.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.

Case No. 3:24cv253-LC-HTC